UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
2008 MR 27 AM 10: 47

| | | |
|---|---|---|
| FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC, Plaintiff, | § § § § | |
| v. | § § | Civil Action No. DR-07-CV-0045-AML-VRG |
| BULK SERVICES TRANSPORTATION INC. AND DONNY SMITH. Defendants | § § § § § | |

## REPORT AND RECOMMENDATION

TO THE HONORABLE ALIA MOSES LUDLUM, UNITED STATES DISTRICT JUDGE:

Pending before the Court is the Parties' "Joint Motion to Transfer Venue" (Docket Entry No. 6). Pursuant to 28 U.S.C. § 636(b)(1)(B), this motion has been referred to the undersigned magistrate judge for preparation of a report and recommendation. After considering the motion and the applicable law, the undersigned **RECOMMENDS** that the Parties' Joint Motion to Transfer Venue be **GRANTED**.

## I.
## BACKGROUND

The above-styled and captioned case is a collection suit in which the Plaintiff, Fleetcor Technologies Operating Company, LLC, ("Fleetcor") seeks to recover past due amounts believed to be owed by the two Defendants, Bulk Services Transportation Inc., ("Bulk Services") and Donny Smith ("Smith"). The Plaintiff contends that Bulk Services became its customer when Bulk Services signed a credit application and subsequently made purchases on the line of credit extended. Smith also signed the credit application as a personal guarantor and agreed to indemnify Fleetcor if Bulk

Services defaulted on the loan. According to the Plaintiff, it invoiced Defendants Bulk Services and Smith for the fuel and services purchased on credit. Plaintiff claims each Defendant refused to pay the balance owed, despite being invoiced for the amounts due.

On August 10, 2007, the Plaintiff filed the instant suit in the United States District Court for the Western District of Texas, Del Rio Division, (Docket Entry No. 2) under the belief that the Defendants were "located in Terrell *County*, Texas" (Docket Entry No. 6 at 2) (emphasis added). The Plaintiff later discovered that its belief was misguided, as both Defendants are actually "located in the *city* of Terrell, Texas" (*Id.*) (emphasis added). The Parties filed a Joint Motion to Transfer Venue upon learning of this significant detail, wherein they explain the following:

> This claim should have been brought in the Northern District of Texas, Dallas Division, because the Western District of Texas, Del Rio Division, does not have any connection whatsoever to the claims made the basis of this lawsuit and none of the parties are located in the Western District of Texas, Del Rio Division.

(Docket Entry No. 6 at 2). By this motion, the Parties move for transfer to the Northern District of Texas, Dallas Division, contending that the interests of justice and convenience of the parties are best served by transferring the case.

## II.
## LAW AND ANALYSIS

In their Joint Motion to Transfer Venue, the Parties rely on 28 U.S.C. § 1404(a) to support their request for transfer to the appropriate forum. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purposes of Section 1404(a) are to protect litigants, witnesses, and the public against unnecessary inconvenience and expense, and avoid wasted time, energy, and money. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

## A. Alternative Forum

The court's first inquiry under Section 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is one in which the claim could have originally been brought, the court next examines "the convenience of the parties and witnesses" and "the interest of justice." *Id.* Various public and private interests are to be considered in the district court's determination of convenience. *Id.* Among the private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. *Id.*

"The first issue that a district court must address in ruling on a motion to transfer under § 1404(a) is the question of whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir.2003). Having considered the assertions contained in the Parties' motion, the undersigned is of the opinion that venue is unquestionably proper in the Northern District. In a diversity action, venue is proper in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. In the instant case, the Defendants made purchases on credit extended by the Plaintiff in Kaufman County, Texas, which is located in the Northern District. Moreover, the Defendants' alleged failure to pay also

occurred in the Northern District. Accordingly, the claims giving rise to the instant case could have been brought in the Northern District.

**B. Private Interest Factors**

*Relative ease of access to sources of proof*

In their motion, the Parties assert that the Defendants' books and records necessary for litigation are located in the Northern District. As noted above, the Parties do not dispute that the Western District of Texas lacks any connection to the claim. The Parties further contend that "both Defendants and the employees who purchased fuel and maintenance on the FUELMAN account reside in Kaufman County, Texas, which is located in the Northern District. Defendants' failure to pay also occurred in the North District." (Motion at 3.) Thus, presumably all of the relevant evidence in this case, including the company's books, records, and witnesses related to the transaction in issue, are in the Northern District. Therefore, this factor weighs in favor of transfer.

*Availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses*

There are no known non-party witnesses to the events giving rise to Plaintiff's claim who reside in the Western District. As previously mentioned, the Parties aver that the witnesses involved in the transaction are located in the Northern District. Thus, it is clear that it would be more convenient to obtain the trial testimony of potential witnesses located in the Northern District. Consequently, the availability of compulsory process to secure the attendance of witnesses and the cost of attendance for willing witnesses factors weigh in favor of transfer.

*All other practical problems that make trial of a case easy, expeditious and inexpensive.*

According to the Parties, trial expenses would be "greatly increased if this Court does not

transfer venue to the Northern District." (Motion at 3.) One can reasonably infer that this factor weighs in favor of transfer due to the remoteness of this venue from the real center of the dispute.

**C. Public Interest Factors**

*Administrative difficulties flowing from court congestion*

The Parties do not claim that that any disparity in court congestion will be so great as to weigh strongly in favor of a transfer.

*Local interest in having localized controversies decided at home*

As discussed above, the acts or omissions giving rise to the Plaintiff's claim occurred in the Northern District. The citizens of the Western District have little interest in this collection suit, while the citizens of the Northern District have a strong local interest in the resolution of a local controversy. Moreover, there is an insufficient connection between the Western District and this case to justify imposing jury duty on the citizens of the Western District. Therefore, the local interest in having localized interests decided at home weighs in favor of transfer to the Northern District.

*Familiarity of the forum with the law that will govern in the case and the avoidance of unnecessary problems of conflict of laws or the application of foreign law*

No conflict of laws issues favor the Northern District over the Western District.

**D. Balance of Private and Public Interest Factors**

On balance, the undersigned believes that a change of forum from to the Northern District is appropriate. This action could have been brought in the Northern District. Given the location of the parties and the relevant documents, the convenience of the parties and witnesses will best be served by transferring the instant case to the Northern District. None of the relevant witnesses or evidence are located in this district. Accordingly, this case should be transferred to the United States

District Court for the Northern District of Texas, Dallas Division.

## III.
## CONCLUSION

For the reasons set forth above, transfer to the Northern District is warranted. Accordingly, the Parties' Joint Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) should be **GRANTED** and the case should be **TRANSFERRED** to the United States District Court for the Northern District of Texas, Dallas Division.

## IV.
## NOTICE

The parties may wish to file objections to the above recommendations. Failure to file written objections to the findings and recommendations contained in this Report within ten days from the date of its receipt shall bar an aggrieved party from receiving a de novo review by the District Court of the findings and recommendations contained herein, see 28 U.S.C. § 636(b)(1)(c), and shall bar an aggrieved party "except on grounds of plain error for attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court." *Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). **The Clerk shall promptly mail copies of this Report and Recommendation to all parties and their counsel, if any, by certified mail, return receipt requested.**

SIGNED this 27 day of March, 2008.

VICTOR ROBERTO GARCÍA
UNITED STATES MAGISTRATE JUDGE